# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KELLY MARIE AND SCOTT SIMLER,    )
AND LINDA J. GARTNER              )
                                  )
         Plaintiffs,              )
                                  )
    v.                            )        No. 2:17-CV-00030 ERW
                                  )
DUBUQUE PAINT EQUIPMENT           )
SERVICES, INC., et al.            )
                                  )
         Defendants.              )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Roy Brice and FFE Transportation

Services, Inc.,'s Motion for Summary Judgment [73].

Kelly Simler and Scott Simler filed an action in the Circuit Court of Montgomery

County, Missouri on March 1, 2017, naming Kim Ross and others as defendants. It was removed

on May 17, 2017, to this Court. Among other allegations, they state in paragraph 22 of their

petition, "Mrs. Simler slowed her Ford Focus to either a stop or near behind the vehicle directly

in front of her." The Court assumes the intention was to add the word "stop" after "near" and

before "behind." In Paragraph 23, Plaintiffs Simler state, "Defendant Ross [] struck the rear of

Simler's Ford Focus." On July 27, 2017, Plaintiff Linda Gardner filed her Complaint in this

Court naming Kim Ross and others as defendants. In paragraph 6, among other allegations, she

states she was stopped in traffic "when her vehicle was crashed into from behind by a vehicle

being then and there operated by Defendant Ross." These cases were consolidated for trial in an

order dated September 1, 2017. The Court is confused as to the exact alignment of these three

vehicles at the time of the alleged crashes. While clarification is not required to rule on this

1

motion for summary judgment, the Court requests Plaintiffs submit either a joint amendment to the pleadings or fashion a statement as to how the Court should interpret the petition and complaint as to the alignment of the respective vehicles when each was damaged by independent collisions.

## I.    BACKGROUND

Plaintiffs Kelly Simler, Scott Simler, and Linda Gartner filed separate lawsuits that were later consolidated regarding three automobile collisions occurring on September 9, 2017, in Montgomery County, Missouri. The first collision occurred at 9:50 a.m. when Defendant Roy Brice was involved in an automobile collision with non-party Jared Sapper ("Accident #1") on westbound Interstate-70 ("I-70"). As a result of this collision, traffic was "severely backed up" for half a mile. Plaintiffs also allege there was a construction-zone and attendant lane closure that caused traffic to slow and stop.

At approximately 10:06 a.m., Plaintiffs were traveling on I-70, approaching the slowed/ stopped traffic when the Simlers allege Defendant Kim Ross struck the rear of Kelly Simler's vehicle from behind while "traveling over the speed limit." Where the Court is confused, as stated in the opening paragraph above, is as to whether Simler's car was forced to crash into Plaintiff Gartner's car, which was in front of the Simler vehicle or whether Gartner was behind the Simler vehicle and Ross struck the rear of Gartner's vehicle or whether there was some other alignment.

In their petition, Mr. and Ms. Simler allege claims of negligence (Count V), negligence per se (Count VI), vicarious liability (Count IX), and statutory employment (Count X) against Defendants Brice and FFE Transportation Services ("FFE"), his alleged employer. In her petition, Gartner brought claims under a theory of negligence against Brice and FFE. Under all

such claims brought by Plaintiffs, FFE's liability depends on Brice's liability and Plaintiffs must prove Brice's allegedly negligent actions proximately caused Plaintiffs' damages. Defendants Brice and FFE now move this Court enter summary judgment on these claims.

## II.     LEGAL STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co.*

*v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## IV.    DISCUSSION

In their motion for summary judgment, Brice and FFE argue Plaintiffs' claims must fail because they cannot prove proximate causation. Under both theories of negligence and negligence per se, the plaintiff must establish his or her injuries were proximately caused by the defendant. *Kraus v. U.S. Truck Co.*, 787 S.W.2d 708, 710 (Mo. banc 1990); *Lowdermilk v. Vescovo Bldg.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2012). Proximate cause does not mean "causation in fact," rather it "is a limitation the law imposes upon the right to recover for the consequences of a negligent act." *Simonian v. Gevers Heating v. Air Conditioning, Inc.*, 957

S.W.2d 472, 475 (Mo. Ct. App. 1997). The purpose behind requiring plaintiffs to prove

proximate cause is to "absolve[] those actors whom it would be 'unfair' to punish because of the

attenuated relation which their conduct bears to the plaintiff's injury." *Id.* (citing *Tompkins v.

Cervantes*, 917 S.W.2d 186, 190 (Mo. Ct. App. 1996). Under Missouri law:

> If two or more persons are guilty of consecutive acts of negligence, closely related
> in time, there is a question of whether the initial act of negligence was a
> proximate cause of the injury or whether there was an efficient, intervening cause.
> Negligent conduct which sets in motion a series of events leading to an injury can
> be interrupted by an intervening cause which so interrupts the chain of events as
> to become the responsible, direct, proximate, and immediate cause of the injury.
> Such intervening conduct renders any prior negligence too remote to operate as
> the proximate cause.

*Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 18-19 (Mo. Ct. App. 2005) (quotations and citations

omitted). Further, both claims against FFE are based on an agency theory, and thus they depend

on a finding of negligence on the part of Brice, FFE's alleged agent. *See Glidewell v. S.C. Mgmt.,

Inc.*, 923 S.W.2d 940, 946 (Mo. Ct. App. 1996). Accordingly, in order to hold either Brice or

FFE liable for any of the claims, Plaintiffs must prove Accident #1 proximately caused their

injuries.

The Eighth Circuit's holding in *Baumann v. Zhukov*, 802 F.3d 950, 956 (8th Cir. 2015), is

instructive. In that case, two truck drivers were involved in a car accident on a Nebraska

interstate highway, causing a traffic jam of nearly one mile. *Id.* at 952. Roughly thirty-six

minutes after the accident occurred, a family of four stopped in their vehicle at the end of the

traffic jam, and a truck then smashed into the family's vehicle "tragically killing them and

Diana's unborn child." *Id.* The administrators of their estate sued the two truck drivers involved

in the first accident, and the trial court granted summary judgment in favor of the defendants. *Id.*

The Eighth Circuit affirmed the district court opinion stating:

> As in *Latzel*, Defendants may have generally anticipated that traffic would become impeded or stopped due to a traffic accident occurring on the roadway. However, Defendants were not bound to anticipate that a fatigued trucker, driving well-over the hours of service limit, would fail to stop behind a line of traffic at a point nearly a mile away from the initial collision and at least thirty-six minutes after the initial accident, and slam into the back of the [family's] vehicle at seventy-five miles-per-hour without even attempting to apply the brakes.

*Id.* at 956 (quoting the district court's findings). The Court noted numerous vehicles were able to stop behind the original accident safely and held the second truck driver's actions were "an efficient intervening cause that severed the causal connection between defendants' alleged negligence and the plaintiffs' injuries." *Id.*

The circumstances in *Baumann* are similar to those exiting in this action. The accidents involving Plaintiffs' vehicles occurred sixteen minutes after and one-half mile away from Accident # 1. During those sixteen minutes, multiple drivers were able to successfully come to a slow and/or stop forming a line of vehicles more than one-half mile long. Just as in *Baumann*, any causal connection between Brice's accident and the injuries of Plaintiffs was severed by the acts of Defendant Ross and the accidents involving Plaintiffs' vehicles.[1] *See also Branstetter v. Gerdman*, 364 Mo. 1230, 1233 (2009) ("A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the

---

[1] Plaintiffs attempt to distinguish *Baumann* from this action by noting *Baumann* involved a negligence claim based on Nebraska law, rather than Missouri law. However, Missouri law and Nebraska law are substantially similar on the issue of proximate cause, and *Baumann* contained substantially similar facts. *Compare Buck v. Union Electric Company*, 887 S.W.2d 430, 434 (Mo.App. E.D.1994) ("An efficient, intervening cause is a new and independent force which so interrupts the chain of events that it becomes the responsible, direct, proximate and immediate cause of the injury, but it may not consist of merely an act of concurring or contributing negligence) *with Baumann v. Zhukov*, 802 F.3d 950, 954 (8th Cir. 2015) ("An efficient intervening cause is new and independent conduct of a third person, which itself is a proximate cause of the injury in question and breaks the causal connection between the original conduct and the injury").

occasion by which the injury was made possible, if there intervened…a distinct, successive, unrelated, and efficient cause of the injury.") (quoting  65 C.J.S., Negligence, § 111d).

Accordingly,

**IT IS ORDERED** that Plaintiffs submit either a joint amendment to the pleadings or fashion a statement as to how the Court should interpret the two complaints as to the alignment of the respective vehicles when each was damaged by independent collisions.

**IT IS FURTHER ORDERED** that Defendants Brice and FFE's Motion for Summary Judgment [73] is **GRANTED**.

So Ordered this 29th day of May, 2018.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**