UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY MARIE AND SCOTT SIMLER, AND LINDA J. GARTNER | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:17-CV-00030 ERW |
| DUBUQUE PAINT EQUIPMENT SERVICES, INC., et al. | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs Kelly and Scott Simler's Motion to Convert this Court's May 29, 2018, Memorandum and Order to a Final Judgment [96].

**I.     PROCEDURAL HISTORY**

On May 29, 2018, this Court entered its Memorandum and Order granting Defendants Roy Brice and FFE Transportation Services, Inc.'s Motions for Summary Judgment. Plaintiffs Kelly and Scott Simler ("the Simlers") then filed a Motion to Convert this Court's May 29, 2018, Memorandum and Order to a Final Judgment [96] ("Motion to Convert"). At a June 12, 2018, hearing on this Motion, the Simlers stated they intended to immediately appeal the May 29, 2018, order if this Court granted their Motion to Convert and stayed this case while the appeal is pending. All parties indicated their support for the Motion to Convert, and the Court asked the parties to submit a joint memorandum as to why it should grant the Motion to Convert and permit and allow an interlocutory appeal on a ruling that would otherwise require the parties to wait until receiving a final judgment. On June 27, 2018, the Simlers, Plaintiff Linda Gartner and Defendants Dubuque Paint Equipment Services, Inc., ("Dubuque Paint") and Kim Ross

1

submitted their joint Memorandum in Support of the Motion to Convert [100].

## II. DISCUSSION

Federal Rule of Civil Procedure 54(b) allows the district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *Outdoor Cent., Inc., v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011) (quoting *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 806-07 (8th Cir. 1993)). In order to do so, the Court "must first determine that it is dealing with a 'final judgment'…in the sense that it is 'an ultimate disposition of an individual claim.'" *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). If the Court so finds, it must then determine "whether there is any just reason for delay." *Curtiss-Wright*, 466 U.S. at 8. In making this determination, the Court should consider both "the equities of the situation" and the "judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Outdoor Cent.*, 643 F.3d at 1118 (internal quotation marks and citations omitted). "It is a long-standing rule of the Eighth Circuit that certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Downing v. Riceland Foods, Inc.*, 810 F.3d 580, 585 (8th Cir. 2016) (internal quotations and citations omitted). "A Rule 54(b) determination should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." *Id.* (citing *Interstate Power*, 992 F.2d at 807) (quotation marks and citation omitted in *Interstate Power*).

Here, the parties argue the Court's May 29, 2018, ruling effectively dismissing two defendants can appropriately be certified for interlocutory appeal under Rule 54(b). Plaintiffs

argue they will be "forced to fully relitigate the entirety of the case twice" if they should proceed to trial, receive a favorable verdict, appeal the Court's May 29, 2018, order, and the Eighth Circuit agrees with Plaintiffs and reverses that order. This would require the parties to "relitigate this matter" and "unnecessarily result in the waste of the Parties', counsels' and this Court's time and resources." Likewise, Defendants Dubuque Paint and Ross argue that if they lose, they would not be afforded the opportunity to benefit from joint and several statutes. The parties further state delay may result in witnesses no longer being available, witness memories fading, and expending significant and potentially unnecessary costs and resources. They also claim the dismissed defendants could close their business, liquidate their assets, or otherwise declare bankruptcy, which would present Plaintiffs from fully realizing justice.

This Court finds the reasons cited by the parties are insufficient for certifying the May 29, 2018, order for appeal. The risks associated with the parties in this case waiting for a final judgment in this case to appeal pursuant to 28 U.S.C. § 1291 are not unusual but are incidental to any case with multiple defendants and claims whereby some of the claims are dismissed before final judgment is entered. The Eighth Circuit has uniformly held district courts should not certify their orders for appeal under "Rule 54(b) as a routine matter or as an accommodation to counsel," but rather should only do so in "special cases." *Taco John's of Huron, Inc. v. Bix Produce, Co.*, 569 F.3d 401, 402 (8th Cir. 2009). This Court cannot grant parties' requests to certify orders as final judgments under Rule 54(b) every time it dismisses a party or a claim from a case.[1]

Additionally, "[w]here each claim 'requires familiarity with the same nucleus of facts and

---

[1] Further, the parties include several hypotheticals which could result if the Motion to Convert were denied and argue these hypotheticals would result in delaying the case. However, if this Court were to grant the Motion to Convert, it would have to stay the case while the appeal is pending. This would certainly, not hypothetically, result in a delay of this case.

involves analysis of similar legal issues, the claims should be resolved in a single appeal.'" *Outdoor Cent.*, 643 F.3d at 1119 (quoting *Interstate Power Co.*, 992 F.2d at 807); See also *Dean v. Cty. Of Gage*, 807 F.3d 931, 938 (8th Cir. 2015) (citing *Hayden*, 719 F.2d at 270 (discouraging certification when claims deal "with essentially one set of facts, with which this court would need to refamiliarize itself on subsequent appeals") and *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 45 (1st Cir. 1988) ("A similarity of either legal or factual issues (or both) militates strongly against invocation of Rule 54(b)") (citation omitted)). The Court entered its order granting summary judgment in favor of Brice and FFE because it found "any causal connection between Brice's accident and the injuries of Plaintiffs was severed by the acts of Defendant Ross and the accidents involving Plaintiffs' vehicles." The factual allegations and legal issues that give rise to the dismissed claims against Brice and FFE are intertwined with those giving rise to the still-standing claims against Ross and Dubuque Paint. Allowing multiple appeals from this case would require the Eighth Circuit to refamiliarize itself with essentially the same set of factual allegations, and accordingly, this Court will not invoke Rule 54(b).

For the above reasons,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Plaintiffs Kelly and Scott Simler's Motion to Convert this Court's May 29, 2018, Memorandum and Order to a Final Judgment [96] is **DENIED**.

So Ordered this 5th day of July, 2018.

*E. Richard Webber*

    **E. RICHARD WEBBER**
    **SENIOR UNITED STATES DISTRICT JUDGE**